OPINION
{¶ 1} On March 21, 2001, appellant, Tabatha Robinson, and appellee, Joshua Robinson, were divorced. A shared parenting order was entered regarding the parties' two children, Dakota and Kayla.
 {¶ 2} On November 7, 2001, appellant filed a complaint alleging her children to be abused children based upon acts by appellee. Appellant sought temporary and dispositional orders to protect the children from appellee. On November 8, 2001, the trial court issued a temporary order, suspending the parties' shared parenting plan and granting custody of the children to appellant.
 {¶ 3} On December 5, 2001, the trial court set an "initial appearance" hearing for January 22, 2002. On said date, both parties appeared with counsel. Thereafter, by order filed March 25, 2002, the trial court ordered the parties to submit in writing recommendations for an independent evaluation of Kayla and dismissed the complaint as to Dakota.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 5} "THE DISMISSAL OF THE APPELLANT'S COMPLAINT SUA SPONTE BY THE LOWER COURT WITHOUT A FULL ADJUDICATORY HEARING WAS A DENIAL OF THE APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."
II
 {¶ 6} "THE LOWER COURT'S FAILURE TO CONDUCT AN ADJUDICATORY HEARING CONSTITUTES REVERSIBLE ERROR."
III
 {¶ 7} "THE LOWER COURT ERRED IN FAILING TO APPOINT A GUARDIAN AD LITEM FOR THE MINOR CHILD AS REQUIRED BY LAW."
IV
 {¶ 8} "THE LOWER COURT ERRED IN ADMITTING HEARSAY EVIDENCE."
V
 {¶ 9} "THE LOWER COURT ERRED IN REFUSING TO ALLOW APPELLANT TO FULLY PRESENT HER CASE AT THE HEARING."
VI
 {¶ 10} "THE LOWER COURT'S FAILURE TO KEEP A RECORD OF THE HEARING IS PREJUDICIAL TO APPELLANT."
 I, II {¶ 11} Appellant claims the trial court erred in dismissing her complaint regarding Dakota without first conducting an adjudicatory hearing. We agree.
 {¶ 12} In her complaint filed November 7, 2001, appellant alleged Dakota was an abused child pursuant to R.C. 2151.031 based upon acts by appellee. Pursuant to Juv.R. 29(A), upon the filing of a complaint alleging abuse, neglect, or dependency, a trial court shall conduct an adjudicatory hearing "no later than sixty days after the complaint is filed." See also, R.C. 2151.28(A)(2)(b). An adjudicatory hearing is defined in Juv.R. 2(B) as "a hearing to determine whether a child is a juvenile traffic offender, delinquent, unruly, abused, neglected, or dependent or otherwise within the jurisdiction of the court." At the commencement of the hearing, a trial court is to "[i]nform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing * * *." Juv.R. 29(B)(2).
 {¶ 13} By notice filed December 5, 2001, the trial court set an "initial appearance" hearing for January 22, 2002. On said date, both parties appeared with counsel. At the commencement of the hearing, the trial court stated the following:
 {¶ 14} "We are here today for an Initial Appearance and also an opportunity, to allow an opportunity for the Defendant, Joshua Robinson to make an argument today because of the Court issuing the Ex-Parte Temporary Orders. * * * However, the Court did issue an order suspending visitation based upon new evidence that was filed with the complaint. The Court wants to allow an an (sic) opportunity for this evidence to be presented and for the defendant to have an opportunity to present his evidence to rebutt (sic) this." T. at 1.
 {¶ 15} After this hearing, the trial court dismissed the complaint and reinstated the shared parenting order regarding Dakota, finding "from the evidence that absolutely no evidence was presented as to Dakota Robinson." See, Order filed March 25, 2002.
 {¶ 16} Pursuant to R.C. 2151.33(D), a trial court may issue an ex parte order "if it appears to the court that the best interest and the welfare of the child require that the court issue the order immediately." Following the issuance, the trial court shall conduct a hearing and may review the order "at any time." R.C. 2151.33(D) and (G).
 {¶ 17} While the trial court sub judice was permitted to review the ex parte order issued on November 8, 2001 and make changes therein, the trial court was not permitted to dismiss the complaint regarding Dakota without first conducting an adjudicatory hearing. Upon review, we find the hearing held on January 22, 2002 was not an adjudicatory hearing.
 {¶ 18} Assignments of Error I and II are granted.
 III {¶ 19} Appellant claims the trial court erred in failing to appoint a guardian ad litem for Dakota. We agree.
 {¶ 20} R.C. 2151.281 governs guardian ad litem. Subsection (B)(1) states the following:
 {¶ 21} "The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged abused or neglected child and in any proceeding held pursuant to section 2151.414 of the Revised Code. The guardian ad litem so appointed shall not be the attorney responsible for presenting the evidence alleging that the child is an abused or neglected child and shall not be an employee of any party in the proceeding." (Emphasis added.)
 {¶ 22} As stated supra, the complaint alleged Dakota to be an abused child. Based upon the mandatory language in the statute, we find the trial court erred in failing to appoint a guardian ad litem for Dakota.
 {¶ 23} Assignment of Error III is granted.
1. IV, V, VI
 {¶ 24} Based upon our decision in Assignments of Error I and II, we find these assignments to be moot.
 {¶ 25} The judgment of the Court of Common Pleas of Perry County, Ohio, Juvenile Division is hereby reversed and remanded.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio, Juvenile Division is reversed and remanded for further proceedings consistent with this opinion.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.